IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>DON A. LANGFORD,<br><br>          Defendant. | 4:14-CR-3103<br><br>TENTATIVE FINDINGS AND ORDER ON RESTITUTION |
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>JAMES A. LAPHEN,<br><br>          Defendant. | 4:14-CR-3133<br><br>TENTATIVE FINDINGS AND ORDER ON RESTITUTION |
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>GILBERT G. LUNDSTROM,<br><br>         Defendant. | 4:14-CR-3136<br><br>TENTATIVE FINDINGS AND ORDER ON RESTITUTION |

      These matters are before the Court on its own motion, concerning restitution. At the hearing held on March 23, 2016, the Court indicated that it would hold the record open for 2 weeks, until April 6, for parties wishing to submit further evidence on restitution or to request a hearing. The government was given until April 13 to respond, and the defendants until April 20 to reply. The Court will memorialize that schedule here, and follow

it. But the Court believes it would help the parties in submitting evidence and briefing to set forth certain tentative findings regarding restitution.

As the Court has previously explained, the Mandatory Victims Restitution Act (MVRA) provides that a sentencing court "shall order" a defendant convicted of "an offense against property under this title . . . including any offense committed by fraud or deceit" to pay restitution. 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii). Restitution is compensatory, not punitive, and in a fraud case, it is limited to the actual loss directly caused by the defendant's criminal conduct in the course of the scheme alleged in the indictment. *United States v. Chaika,* 695 F.3d 741, 748 (8th Cir. 2012). The amount of restitution cannot exceed the actual, provable loss realized by the victims. *United States v. Martinez,* 690 F.3d 1083, 1088 (8th Cir. 2012). And the causal connection between the defendant's acts and the victim's losses must not be unreasonably extended. *United States v. Spencer,* 700 F.3d 317, 323 (8th Cir. 2012).

The government must prove restitution is warranted by a preponderance of the evidence. 18 U.S.C. § 3664(e). For instance, the government may produce witness testimony at a hearing, or sworn victim statements outlining the losses which resulted from the crime. *United States v. Adejumo,* 777 F.3d 1017, 1020 (8th Cir. 2015); *United States v. Adetiloye,* 716 F.3d 1030, 1039 (8th Cir. 2013). But the MVRA is intended to assure that victims of a crime receive full restitution. *See Dolan v. United States,* 560 U.S. 605, 612 (2010). It would defeat this basic purpose to permit "the overwhelming majority of the victims, who bear no responsibility for the government's failure to compile the necessary documentation, to go unremunerated." *Adetiloye,* 716 F.3d at 1040-41. So, if the government fails "to produce documentation with the required specificity and reliability," the Court must postpone the restitution proceedings to allow for the gathering and presentation of additional evidence. *Id.* at 1040.

The Court has conducted a preliminary evaluation of the evidence adduced by the government relating to restitution, both at trial and in post-trial proceedings, and find that it is generally sufficient to establish a basis for awarding restitution to TierOne shareholders. Michael Petron, the government's expert, explained in his sworn declaration and in-court testimony how the government's list of identified victims and restitution amounts were calculated. *See* filing 229-3.[1] Such investigative testimony is sufficient to identify the victims of the offense and the amounts of their

---

[1] The evidence relating to restitution has been filed in each of the above-captioned cases; for the sake of simplicity and convenience, the Court's citations are to the docket in *U.S. v. Lundstrom,* case no. 4:14-cr-3136.

losses. *See*, *United States v. Engelmann*, 720 F.3d 1005, 1015 (8th Cir. 2013); *United States v. Wirth*, 719 F.3d 911, 916-17 (8th Cir. 2013); *Adetiloye*, 716 F.3d at 1039.

The government has appropriately limited its request for restitution to losses sustained by shareholders for shares purchased during the fraud period and sold at a loss after disclosure of the fraud. The Court recognizes that a calculation based upon such a limitation will, necessarily, result in a restitution award lower than the loss calculation the Court performed in Lundstrom's case. But the determinations of loss for sentencing and for restitution serve different purposes and thus may differ depending on the relevant facts. *United States v. Lange*, 592 F.3d 902, 907 (8th Cir. 2010). Restitution based on purchases made before the defendants' misrepresentations to investors, in the absence of other evidence establishing causation, would unreasonably extend the causal connection between the losses and the offenses of conviction. *See Spencer*, 700 F.3d at 323.

But the Court's loss calculation under the Sentencing Guidelines does impose one additional demand upon the government's proof: the Court found in Mr. Lundstrom's case that the "fraud period"—that is, the period of time during which the defendants were actively misleading investors—was between and including February 23 and November 10, 2009.[2] As the parties have recognized, there is little basis to differentiate the fraud period for purposes of loss calculation and restitution. And the government's evidence does not permit the Court to determine restitution based on that time period,[3] should the Court ultimately conclude that those are the relevant dates for purposes of restitution. Accordingly, the Court will direct the government to provide the Court with sufficient information to award restitution based upon a fraud period of February 23 to November 10, 2009.

The Court also notes that Petron's identification of victims for purposes of restitution "was determined primarily by analyzing data produced by Strategic Claims, who served as the Claims Administrator in the matter of <u>David G. Ray v. TierOne Corporation, et al</u>.[,]" case no. 8:10-cv-199, a civil securities class action initiated by shareholders against TierOne and its executives. Filing 229-3 at 2-3. The Court has no reason to doubt that the notice and claims procedures undertaken in that case, under Judge Bataillon's supervision, were comprehensive. Nonetheless, the victims of the

---

[2] The Court's reasoning for those dates was set forth in the Court's tentative sentencing findings (filing 209) and explained further, as modified, on the record at Lundstrom's March 23 sentencing.

[3] The government's Exhibit 14 (filing 220-5) set forth calculations for three different time periods, but none of them anticipated a February 23, 2009 start date.

- 3 -

defendants' crimes are entitled to notice of this action and an opportunity to be heard on restitution. *See*, § 3664(d)(2); 18 U.S.C. § 3771(a)(6) and (10); 42 U.S.C. § 10607(c)(1)(B). The Court has already authorized the government, in each of the above-captioned cases, to provide notice to identified victims and to publish notice about the case on its victim notification website. *See* filing 38.; *see generally*, *In re W.R. Huff Asset Mgmt. Co., LLC*, 409 F.3d 555, 564 (2d Cir. 2005). The Court will now direct the government to provide the Court with information: (1) generally describing the notice procedures that were undertaken in these cases; (2) advising whether any new victims were identified in the victim impact statements gathered by the probation office (filing 228), or through the Justice Department's victim assistance program, whose claims were not contained in the data provided by Strategic Claims; and (3) whether such new claims, if any, present a basis for awarding restitution.

For their part, the defendants may wish to adduce evidence or present briefing on two aspects of § 3664. First, the Court notes that pursuant to § 3664(f)(1)(A), the Court "shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." But the Court must consider the defendant's ability to pay when setting a schedule for restitution payments. *See*, § 3664(f)(2); *United States v. Johnson*, 327 F.3d 758, 759 (8th Cir. 2003); *United States v. McGlothlin*, 249 F.3d 783, 784 (8th Cir. 2001). Even a defendant with no foreseeable ability to pay restitution may be ordered to make nominal periodic payments. § 3664(f)(3)(B). The Court has been provided with financial information for each defendant by the probation office, set forth in the presentence reports; none of the defendants objected to that aspect of the presentence reports, and the Court adopted those findings at each defendant's sentencing. But if the defendants want to present additional evidence, or address the issue in briefing, they may do so.

Second, while the Court is to order restitution in the full amount of each victim's losses,

> [i]f the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

§ 3664(h).[4] The Court is already presented with a substantial record regarding the relative involvement of Lundstrom, Laphen, and Langford in these crimes—particularly, the testimony of Laphen and Langford themselves at Lundstrom's trial. But the parties may wish to brief how the Court should apportion liability among the defendants.

Finally, a note on procedure: these proceedings are obviously interrelated, and each of the above-captioned parties is entitled to notice of the issues and evidence relating to restitution, and an opportunity to present their objections. *See Adejumo,* 777 F.3d at 1019. To that end, the parties will be generally directed to serve any additional evidence or filings on the other parties to all of the above-captioned proceedings, absent good cause for a confidential filing (for instance, personal financial information). And the Court will direct the government to file any additional evidence relating to restitution in all of the above-captioned cases.

IT IS ORDERED:

1. The Court will hold the record open on the matter of restitution until April 6, 2016, in each of the above-captioned cases, for parties wishing to submit additional evidence.

2. The government shall file evidence permitting the Court to award restitution based upon a fraud period of February 23 to November 10, 2009, should the Court decide to do so.

3. The government shall file evidence relating to notice procedures and any newly identified victims, as set forth above.

---

[4] The Court is aware of the Eighth Circuit's suggestion in *United States v. Fast* that joint and several liability might not be consistent with § 3664 when the defendants are not part of the same case. 709 F.3d 712, 723 n.6 (8th Cir. 2013), *vacated,* 134 S. Ct. 1934 (2014) (vacated and remanded for further consideration in light of *Paroline v. United States,* 134 S. Ct. 1710 (2014)). The Court understands the Eighth Circuit's concern with the administrative clumsiness of apportioning liability among defendants in different cases. But the Clerk of the Court has indicated that there is no difficulty in doing so under these circumstances. And the Court does not believe that the Eighth Circuit intended to foreclose joint and several liability as a possibility in a case like this—in which some of the defendants *actually did* act jointly—simply because the U.S. Attorney chose to indict them separately.

4.  Any party requesting an additional hearing on restitution in any of the above-captioned cases shall move for a hearing on or before April 7, 2016, and shall in support of that motion explain what evidence the hearing is expected to adduce.

5.  The government may file any additional briefing on or before April 13, 2016.

6.  The defendant in each of the above-captioned cases may file any additional briefing on or before April 20, 2016.

7.  Absent good cause, any filing relating to restitution made by any of the above-captioned parties shall be served, by email or other appropriate means, on all of the above-captioned parties, and the certificate of service for each filing shall so reflect.

8.  The government shall file any additional evidence relating to restitution in all of the above-captioned cases.

Dated this 25th day of March, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge